

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

July 5, 1950.

Hon. Edgar Hutchins
County Attorney
Hunt County
Greenville, Texas

Opinion No. V-1078.

Re: The authority of the
Commissioners' Court
to devote the balance
of proceeds of a bond
issue to acquire and
improve an airport to
repair former airport
buildings which are now
to be used for county
fair purposes.

Dear Sir:

Your request for an opinion is as follows:

"In 1942, Hunt County ordered a bond issue for the purpose of 'acquiring and improving an Air Port.' The County acquired some 1,500 acres of land to be used as an Air Port and entered into a lease contract with the United States Government under the terms of which generally, the Government agreed to establish an Air Field, and it established Majors Field, paragraph 12 of that contract is as shown by copy attached hereto. Subsequent to this contract the County and the Government entered into two other contracts copies of which are attached hereto. In July 1947 the Government with the permission of Hunt County assigned its lease contract to the City of Greenville.

"The City of Greenville is willing to assign, if it has not already done so, to the Hunt County Live Stock Association, which is a non-profit organization, the use of some five or six buildings to be used for County Fair purposes. Hunt County sold its bonds and used the funds in acquiring the real estate leased to the Government. It has some $8,000.00 left with this bond fund. It is very necessary that these buildings be repaired if they are to be permanent buildings. The lease to the Government which

has been assigned to the City expires in 1967. The Commissioners Court wish to be informed whether it may use this $8,000.00 in repairing these buildings and that question is submitted to you."

It is well settled in this State that the proceeds derived from the sale of bonds must be devoted to the purpose for which the bonds were issued and no other. Lewis v. City of Fort Worth, 126 Tex. 604, 89 S.W.2d 975 (1936); Simpson v. City of Nacogdoches, 152 S.W. 858 (Tex. Civ. App. 1913, error dism.).

In 1942 bonds were issued by Hunt County for the purpose of "acquiring and improving an airport for said county." It is our opinion that the proceeds of the bond issue can only be used for that purpose and not for the purpose of improving buildings used for County Fair purposes. Since it is contemplated that these buildings are to be used for County Fair purposes, it is our opinion that the Commissioners' Court cannot expend $8,000.00 of the bond proceeds for repairing these buildings.

We express no opinion as to the authority of the county to lease the airport facilities in question to the Hunt County Livestock Association.

### SUMMARY

Proceeds of a bond issue for the purpose of "acquiring and improving an airport" cannot be used to repair buildings to be used for County Fair purposes. Lewis v. City of Fort Worth, 126 Tex. 604, 89 S.W.2d 975 (1936); Simpson v. City of Nacogdoches, 152 S.W. 858 (Tex. Civ. App. 1913, error dism.).

APPROVED:                                  Yours very truly,

J. C. Davis, Jr.                           PRICE DANIEL
County Affairs Division                    Attorney General

Joe R. Greenhill
First Assistant

Price Daniel                               By John Reeves
Attorney General                              John Reeves
                                              Assistant

JR:mw:jmc